USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARIA DIMEGLIO,

                            Plaintiff,                            **23-CV-7706 (JHR) (KHP)**

       -against-                                    **INITIAL CASE MANAGEMENT**
                                                             **CONFERENCE ORDER**

WEST COAST COMMERCIAL FLOOR,
INC. d/b/a Floor City,

                            Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

       On **Monday, December 4, 2023**, the parties appeared for an Initial Case Management Conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

       **Pleadings, Parties, and Motions.** The parties shall have until **Tuesday, January 2, 2024** to amend the pleadings and join parties. No further amendments or joinder of parties thereafter absent good cause.

       **Discovery.** The deadline to complete all discovery is **Tuesday, May 21, 2024**. Initial interrogatories and requests for production are due by **Tuesday, January 2, 2024**, with initial responses due by **Friday, February 2, 2024**. Initial requests for admission are due by **Thursday, February 15, 2024**. Depositions shall be completed by **Tuesday, March 12, 2024** and are limited to no more than **two** depositions per party.

       **Discovery Disputes.** The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.**  The parties shall file a joint status letter updating the Court on the status of discovery on **Thursday, February 15, 2024.**

**Mediation.**  By separate order, the Court will refer this matter to the Court-annexed mediation program.

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This

Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

    **SO ORDERED.**

DATED:    New York, New York
             December 4, 2023

                                                  _____
                                                  KATHARINE H. PARKER
                                                  United States Magistrate Judge